# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID DERRILL BRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1183-F |
| | ) |
| JUSTIN JONES et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff David Derrill Briggs, a state prisoner appearing pro se, has initiated the present action under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Howard McLeod Correctional Center ("HMCC") and in the District Court of Atoka County, both located in Atoka, Oklahoma. *See* Am. Compl. (Doc. No. 5). United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). For the reasons that follow, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Oklahoma.

### PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

Liberally construing Plaintiff's claims and incorporated exhibits, Plaintiff alleges that in January 2013, while incarcerated at HMCC, he was found in possession of a cell phone. A prison disciplinary charge was made against Plaintiff, to which he pled guilty. *See* Am. Compl. at 2;[1] Am. Compl. Ex. 1 (Doc. No. 5-1). Plaintiff alleges that he received more severe punishment than was ordered at the disciplinary hearing. *See id*.

---

[1] References to filings use the ECF pagination.

Further, the State of Oklahoma charged Plaintiff, in the District Court of Atoka County, with the felony crime of possession of contraband by an inmate, to which Plaintiff pled no contest. Plaintiff was sentenced to a two-year prison term and costs of $265.50. Am. Compl. at 2; Am. Compl. Ex. 2 (Doc. No. 5-2) at 1; *State v. Briggs*, No. CF-2013-11 (Atoka Cnty. Dist. Ct., filed Jan. 18, 2013) (docket publicly available through http://www.oscn.net). Plaintiff claims that his state-court prosecution and conviction were an improper, duplicative adjudication of an issue already determined in the HMCC disciplinary proceeding, amounting to unlawful double jeopardy and a violation of the substantial-evidence standard of review applied to agency determinations. *See* Am. Compl. at 4-6.

Plaintiff additionally argues that the HMCC officials and the Atoka County District Court conspired together to commit racketeering and kidnapping and that unspecified Defendants committed fraud by not speaking out about the unlawful criminal prosecution. *See id.* at 6-7. Plaintiff seeks punitive damages or restitution, to void the criminal judgment entered by the Atoka County District Court, and to be restored to his prior status as a prisoner. *See id.* at 8; Am. Compl. Ex. 3 (Doc. No. 5-3).

ANALYSIS

*A. Screening*

The Court is obligated to conduct an initial review of Plaintiff's Amended Complaint and dismiss the Amended Complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a)-(b);

*see also* Doc. No. 8 (order granting Plaintiff leave to proceed *in forma pauperis*); 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions and requiring dismissal under these grounds "at any time"); 42 U.S.C. § 1997e(c)(1) (governing prisoners' § 1983 actions challenging prison conditions and requiring dismissal "if the court is satisfied" that any of the above-specified grounds exist).

Pursuant to this duty, the Court may consider sua sponte whether proper venue is lacking "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider . . . venue on a § 1915 screening . . . ."). The Court accordingly may consider whether transfer to another venue would better serve the interests of justice. *See, e.g.*, *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.").

B. *Proper Venue in This Lawsuit*

For a federal civil action such as the one asserted by Plaintiff, venue is proper in a judicial district where: (1) any defendant resides, if all defendants are residents of the state in which that district is located; or (2) a substantial part of the events giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b)(1), (2). If more than one district offers a proper venue, the Court of the district in which the action was originally filed may consider whether the action should be transferred to another qualifying district in the

3

interest of justice and for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

Venue is presumably proper in the Western District of Oklahoma. Plaintiff identifies five Defendants to this lawsuit. *See* Am. Compl. at 1, 2, 3. Included among the named Defendants are Justin Jones, former Director of the Oklahoma Department of Corrections ("ODOC"), and Oklahoma Attorney General Scott Pruitt. *See id.* at 1. The Amended Complaint does not include any information on where either of these Defendants resides. Pursuant to Federal Rule of Civil Procedure 25(d), current ODOC Director Robert Patton is automatically substituted as a party for former Director Jones in his official capacity. The Court may judicially notice that ODOC is headquartered in Oklahoma City, Oklahoma County, Oklahoma,[2] and therefore presumes that venue would lie in the Western District of Oklahoma. *See* 28 U.S.C. §§ 116(c), 1391(b)(1). Likewise, the Court judicially notices that the Attorney General's Office is located in Oklahoma City, Oklahoma County, Oklahoma,[3] and therefore the naming of General Pruitt as a Defendant presumably would also cause venue to lie in the Western District of Oklahoma. *See id.*

Venue also is proper in the Eastern District of Oklahoma. Plaintiff indicates that the residences of the three remaining Defendants—HMCC Warden Bruce Howard; Atoka County District Judge Paula Inge; and Atoka County District Attorney Greg Jenkins—are

---

[2] Okla. Dep't of Corr., *Director's Office*, http://www.ok.gov/doc/About_Us/Director's_Office/ (last visited Dec. 23, 2014).

[3] Okla. Office of Att'y Gen., *Contact the Attorney General's Office*, http://www.ok.gov/oag/Contact_the_AG/index.html (last visited Dec. 23, 2014).

4

in Atoka, Oklahoma. *See* Am. Compl. at 2, 3. Atoka lies in Atoka County, which is within the boundaries of the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Further, Plaintiff's allegations reflect that "a substantial part of the events" "giving rise" to his claims occurred at MHCC and at the District Court of Atoka County, which are located in Atoka and therefore within the Eastern District of Oklahoma. *See* Am. Compl. at 2-7; 28 U.S.C. §§ 116(b), 1391(b)(2); OSCN, *Atoka County: State of Oklahoma*, http://www.oscn.net/applications/oscn/start.asp?viewType=COUNTYINFO&county=ATOKA (last visited Dec. 23, 2014).

Because venue properly lies in both districts, the Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interest of justice. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *Love's Travel Stops*, 2010 WL 4811450, at *6. Given that the events alleged by Plaintiff occurred largely if not entirely in the Eastern District of Oklahoma, and the only Defendants who reside in the Western District of Oklahoma are public officials with statewide authority, the Court should find that such a transfer is in the interest of justice.

The conduct about which Plaintiff complains—his disciplinary proceedings, his transport to state court and prosecution therein, and the imposition of punishment both at HMCC and in Atoka County District Court—took place in Atoka County. *See* Am. Compl. at 2-7. Moreover, the Defendants who are present in the Western District of Oklahoma are not alleged to be directly involved in the acts challenged by Plaintiff.

5

Beyond conclusorily alleging that former Director Jones conspired to commit racketeering and kidnapping, Plaintiff does not implicate ODOC in his claims or contend that former Director Jones was directly involved in or even aware of the acts alleged. *See* Am. Compl. at 1, 6, 7. Similarly, Plaintiff equates Defendant General Pruitt with the Atoka County District Court and alleges that the Attorney General "is responsible for the defendants that work for the State of Oklahoma"; Plaintiff does not allege that the Attorney General was directly involved in or had knowledge of the purportedly unlawful prosecution of Plaintiff by the Atoka County prosecutor. *See* Am. Compl. at 3, 4, 6, 7. Finally, the Eastern District also is shown by the Amended Complaint to be where three of the five Defendants "reside[]," 28 U.S.C. § 1391(b)(1), and that judicial district likely would serve as the residence of many potential witnesses in this litigation (e.g., HMCC and Atoka County District Court personnel).

Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(1) and (2), and that district has a significantly greater connection to the acts and persons at issue in the Amended Complaint than does the Western District of Oklahoma. Accordingly, the undersigned recommends that this case be transferred pursuant to 28 U.S.C. § 1404(a).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 13, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 23rd day of December, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE